# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

JAMES D. OLIVER and NANCY J. OLIVER
    Plaintiffs,

v.

Randy Bates, in his official capacity as
    Commissioner of the Alaska Department of
    Environmental Conservation;

Robert Blankenburg, in his official and
    individual capacities,
    Defendants.

Case No. 3:26-cv-00190-ACP

RECEIVED

MAY 05 2026

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
### (Jury Trial Demanded)

## I. INTRODUCTION

1. This case arises from Defendants' reliance on a Compliance Order by Consent ("COBC") as a dispositive basis for denying Plaintiffs' permit renewal where no procedure existed that could adjudicate the legality of that instrument in time to prevent the deprivation of Plaintiffs' ability to operate.

2. Plaintiffs were required to agree to the COBC under circumstances involving significant time pressure, lack of meaningful negotiation, and substantial economic and regulatory coercion.

3. Although Defendants may identify theoretical avenues of challenge, no available procedure existed through which Plaintiffs could obtain adjudication of the COBC's legality in time to prevent the deprivation or continue operations.

4. Defendants nevertheless treated the COBC as binding and relied on it to determine

compliance, assess regulatory standing, and deny Plaintiffs' permit renewal.

5. The Constitution does not permit the State to base a deprivation of protected interests on an enforcement instrument where no meaningful opportunity existed to challenge its legality before that instrument was used to impose the deprivation.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims, including claims arising under the Alaska Constitution, pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Alaska.

9. Plaintiffs seek prospective relief against state officials for ongoing violations of federal law under *Ex parte Young*, 209 U.S. 123 (1908).

## III. PARTIES

10. Plaintiffs are residents of Alaska who owned and operated a permitted medical waste treatment facility in Alaska since May 1994.

11. Defendant Randy Bates is the Commissioner of ADEC and is sued in his official capacity for prospective declaratory and injunctive relief.

12. Defendant Robert Blankenburg is the Program Manager and is sued in his official capacity for prospective relief and in his individual capacity for damages under 42 U.S.C. § 1983. He signed the May 8, 2024 denial of Plaintiffs' permit renewal application.

Case 3:26-cv-00190-ACP    Document 1    Filed 05/05/26    Page 2 of 14

## IV. FACTUAL ALLEGATIONS

### A. Longstanding Operations

13. Plaintiffs have owned and operated a medical waste treatment facility since May 1994.

14. In September 2017, ADEC established a new permitting program applicable to Plaintiffs' operations.

15. Plaintiffs operated pursuant to a permit effective January 17, 2019 through January 17, 2024.

16. Plaintiffs relied on that permit to continue operations and maintain their business.

### B. Enforcement and COBC

17. During the permit term, ADEC initiated enforcement actions alleging violations.

18. Plaintiffs disputed those allegations and submitted supporting documentation.

19. ADEC required Plaintiffs to enter into a Compliance Order by Consent ("COBC").

20. The COBC was executed on behalf of the Department by Defendant Blankenburg, who later relied on that same instrument as a basis for denying Plaintiffs' permit renewal.

21. Plaintiffs were not provided any meaningful opportunity to challenge the legality of the COBC before Defendant Blankenburg used it as a predicate for regulatory action.

22. The COBC imposed compliance obligations, conditions, and potential penalties and was treated as an operative enforcement instrument.

23. Plaintiffs were given approximately forty-eight hours to agree to the COBC.

Case No. _____       3       Complaint for Declaratory and Injunctive Relief and Damages

24. Plaintiffs were not provided clear notice of procedures or deadlines for contesting the allegations or the terms imposed.

25. Discussions did not involve meaningful negotiation but instead consisted of agency personnel, including multiple State attorneys, who presented and required acceptance of specified actions and compliance terms.

26. The COBC process did not follow procedures required by Alaska administrative regulations governing compliance order proceedings under 18 AAC 95.

27. Those regulations, implementing AS 46.03.850, establish a structured enforcement process requiring initiation of compliance order proceedings through notice of intent, disclosure of the basis for alleged violations, the opportunity to respond and object, formal findings, and the right to an adjudicatory hearing.

28. They further provide that any consent or compromise resolution must occur within those proceedings and take the form of a stipulated compliance order approved by the commissioner or a designated official.

29. Defendants did not initiate compliance order proceedings, did not serve a notice of intent, and did not provide Plaintiffs access to the procedures required under that framework, including any mechanism to obtain adjudication of the underlying allegations or the legality of the COBC.

30. As a result, Plaintiffs were deprived of a meaningful opportunity to obtain adjudication of the legality of the COBC before it was used as a basis for regulatory action and to avoid the deprivation of Plaintiffs' ability to operate.

31. Alaska law defines a "compliance agreement" as a mutual understanding and voluntary, enforceable agreement entered into to address regulatory conditions. AS

Case 3:26-cv-00190-ACP     Document 1     Filed 05/05/26     Page 4 of 14

46.03.900(5). Plaintiffs plausibly allege that the COBC was not mutual or voluntary in any meaningful sense under the circumstances alleged. Defendants nevertheless relied on that instrument as a binding enforcement predicate to impose obligations, assess compliance, and deny Plaintiffs' permit.

## C. Coercive Circumstances

32. Refusal to enter the COBC would have exposed Plaintiffs to enforcement action, penalties, and would jeopardize their ability to continue operating.

33. Plaintiffs were advised that pursuing administrative or judicial challenges would likely require expenditures exceeding $100,000, take substantial time, and would not provide a realistic path to adjudication before the resulting harm occurred.

34. As a practical matter, refusing the COBC would have required Plaintiffs to cease operations or incur immediate and substantial financial harm.

35. The choice presented to Plaintiffs was not between two meaningful alternatives. Plaintiffs were required to either accept the COBC immediately or face enforcement action, penalties, and the likely loss of their ability to operate, without any available procedure to obtain adjudication of the COBC's legality before those consequences occurred.

36. Under these circumstances, Plaintiffs did not have a meaningful opportunity to challenge the COBC prior to agreeing to its terms.

## D. Lack of Meaningful Adjudication

37. The COBC required Plaintiffs to waive adjudicatory rights and agree not to challenge its validity.

Case 3:26-cv-00190-ACP     Document 1     Filed 05/05/26     Page 5 of 14

38. The COBC was treated as binding despite the absence of any adjudicatory determination of its legality.

39. Administrative proceedings did not permit adjudication of the legality of the COBC.

40. Plaintiffs pursued administrative remedies and participated in proceedings before the Office of Administrative Hearings.

41. The legality of the COBC was not adjudicated in those proceedings.

42. Plaintiffs sought judicial review.

43. The Superior Court affirmed the permit denial while declining to determine the legality of the COBC.

44. No procedure provided Plaintiffs with any mechanism to obtain adjudication of the COBC's legality while continuing operations or avoiding immediate substantial harm.

45. Any theoretical alternatives were not usable in time to prevent the deprivation or allow Plaintiffs to continue operations.

46. Even if Plaintiffs had fully pursued all available administrative and judicial procedures, those processes did not and could not provide a mechanism for adjudicating the legality of the COBC before it was used as a basis for denying Plaintiffs' permit. Accordingly, those procedures were not meaningful in practice because they were not usable in time to prevent the deprivation.

47. Accordingly, Plaintiffs were not afforded a meaningful opportunity to obtain adjudication of the legality of the COBC.

48. The absence of a meaningful opportunity to obtain adjudication of the COBC's legality before it was used as a basis for regulatory action was not incidental but a

Case 3:26-cv-00190-ACP     Document 1     Filed 05/05/26     Page 6 of 14

structural feature of the enforcement scheme as applied to Plaintiffs, which systematically prevented timely review.

49. As applied to Plaintiffs, the enforcement scheme operated to ensure that the legality of the COBC could not be adjudicated prior to its use as a basis for regulatory action.

**E. Permit Denial**

50. Plaintiffs submitted a permit renewal application on December 15, 2023.

51. On January 2, 2024, ADEC, through Defendant Blankenburg, issued a denial before the application was complete.

52. That denial was vacated and remanded.

53. Plaintiffs supplemented their application.

54. The application was deemed complete.

55. On May 8, 2024, ADEC, through Defendant Blankenburg, denied the permit renewal.

56. That denial relied in substantial part on alleged noncompliance associated with the COBC.

57. The legality of the COBC was a necessary predicate to that determination.

58. The January 2, 2024 denial asserted that ADEC had "not observed or received any evidence" that Plaintiffs were in compliance with the COBC or the active permit. Plaintiffs had, however, provided documentation of compliance and made records available to the State on multiple occasions, and State representatives had conducted inspections reflecting compliance with permit conditions. The assertion of a lack of evidence of compliance was therefore inconsistent with information

Case No. _____          7          Complaint for Declaratory and

Case 3:26-cv-00190-ACP    Document 1    Filed 05/05/26    Injunctive Relief and Damages

already available to Defendants at the time of the denial.

59. Plaintiffs were not provided a meaningful opportunity to address or correct that assertion before it was used as a basis for denying their permit.

60. Defendants' reliance on the COBC as a predicate for denial occurred without any prior adjudication of its legality in a forum available to Plaintiffs.

61. The denial depended on the validity of the COBC as a necessary predicate.

**F. Resulting Harm**

62. As a result of the denial, Plaintiffs were deprived of the ability to continue operating their facility.

63. The permit denial was the direct and controlling cause of Plaintiffs' inability to continue operations.

64. The denial prevented Plaintiffs from installing and operating newly acquired equipment, including a new incinerator, and prevented and/or materially impeded Plaintiffs' ability to obtain or complete other required permits, including an air quality permit, because the permitting processes are interrelated and depend on Plaintiffs' ability to lawfully operate.

65. As a result, the new incinerator has remained idle and unused, and Plaintiffs have been unable to generate revenue from that equipment. These losses were a direct and foreseeable consequence of Defendants' reliance on the COBC to deny Plaintiffs' solid waste permit.

66. Plaintiffs suffered economic harm, including lost revenue, lost contracts, increased costs, and ongoing financial losses. These damages were the direct and foreseeable result of Defendants' reliance on the COBC as a predicate for denying

Case No. _____    8    Complaint for Declaratory and Injunctive Relief and Damages

Plaintiffs' permit.

## V. CLAIMS FOR RELIEF

### COUNT I — Procedural Due Process

67. Plaintiffs incorporate all preceding paragraphs.

68. Plaintiffs had protected property interests in their business operations.

69. Defendants deprived Plaintiffs of those interests by denying permit renewal.

70. Defendants, including Defendant Blankenburg acting under color of state law, relied on the COBC as a dispositive predicate for that denial.

71. Plaintiffs had no meaningful opportunity to challenge the legality of that predicate before it was used to effect the deprivation or to continue operations.

72. Due process requires an opportunity to be heard at a time and in a manner that permits a person to prevent the deprivation of a protected interest.

73. Where no procedure exists that can adjudicate the legality of a dispositive predicate before it is used to impose a deprivation, due process is not satisfied.

74. The requirement that individuals be provided a meaningful opportunity to be heard before being deprived of protected property interests is clearly established.

75. Defendants violated that principle by relying on an enforcement instrument whose legality Plaintiffs had no meaningful opportunity to challenge before it was used as the basis for denying their permit.

76. Defendants violated Plaintiffs' procedural due process rights.

### COUNT II — Unconstitutional Conditions / Coercive Enforcement

77. Plaintiffs incorporate all preceding paragraphs.

78. Defendants required Plaintiffs to waive their right to challenge the legality of the

Case 3:26-cv-00190-ACP    Document 1    Filed 05/05/26    Page 9 of 14

COBC as a condition of avoiding enforcement action and the loss of their ability to operate.

79. The condition imposed required Plaintiffs to relinquish a constitutional right in exchange for avoiding immediate regulatory and economic harm.

80. That condition was not voluntary but was imposed under circumstances in which Plaintiffs faced immediate enforcement consequences, penalties, and the likely loss of their ability to operate.

81. Defendants then relied on the COBC as a binding enforcement predicate to deny Plaintiffs' permit.

82. The unconstitutional condition thus operated to both eliminate Plaintiffs' ability to challenge the legality of the COBC and to serve as the basis for the deprivation.

83. The Constitution does not permit the State to condition the avoidance of enforcement action or economic harm on the surrender of a constitutional right where the surrendered right is necessary to challenge the legality of the very instrument used to impose the deprivation.

84. Defendants' conduct violated the unconstitutional conditions doctrine.

**COUNT III — Declaratory and Injunctive Relief**

85. Plaintiffs incorporate all preceding paragraphs.

86. An actual and ongoing controversy exists regarding Defendants' reliance on the COBC as a binding enforcement predicate.

87. Defendants' continued reliance on the COBC to impose obligations, assess compliance, and deny permits has caused and continues to cause Plaintiffs ongoing harm, including the inability to operate their business.

Case 3:26-cv-00190-ACP     Document 1     Filed 05/09/26     Page 10 of 14

88. Absent declaratory and injunctive relief, Defendants will continue to rely on the COBC in a manner that deprives Plaintiffs of their constitutional rights.

89. Plaintiffs lack an adequate remedy at law to prevent this ongoing and prospective harm.

90. Plaintiffs therefore seek declaratory relief that Defendants' reliance on the COBC without a meaningful opportunity to challenge its legality is unlawful.

91. Plaintiffs further seek prospective injunctive relief prohibiting Defendants from relying on the COBC to impose obligations, assess compliance, or deny permits unless and until its legality is determined through a process that provides a meaningful opportunity to be heard.

## COUNT IV — Alaska Constitution (Due Process)

92. Plaintiffs incorporate all preceding paragraphs.

93. The Alaska Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

94. Plaintiffs had protected interests in their business operations under Alaska law.

95. Defendants deprived Plaintiffs of those interests by denying Plaintiffs' permit and preventing continued operations.

96. Defendants relied on the COBC as a dispositive predicate for that deprivation without providing Plaintiffs a meaningful opportunity to challenge its legality before it was used.

97. Under the Alaska Constitution, due process requires a meaningful opportunity to be heard at a time and in a manner that permits a person to prevent the deprivation of a protected interest.

Case No. _____        11        Complaint for Declaratory and Injunctive Relief and Damages

98. Where no procedure exists that can adjudicate the legality of a dispositive predicate before it is used to impose a deprivation, due process is not satisfied under Alaska law.

99. Defendants' conduct violated Plaintiffs' rights to due process under the Alaska Constitution.

## VI. DAMAGES

100. As a result of Defendants' conduct, Plaintiffs have suffered economic harm.

101. Plaintiffs' losses include, but are not limited to:

a. Loss of the going-concern value of Plaintiffs' business, including the value of a longstanding, continuously operating enterprise established in 1994 and maintained under applicable regulatory frameworks;

b. Lost revenue and profits resulting from the inability to continue operations, including the loss of existing and prospective contracts;

c. Loss of use of capital assets, including a newly acquired incinerator and related equipment, which have remained idle and non-productive as a direct result of the permit denial;

d. Increased costs and financial burdens associated with maintaining non-operational assets and attempting to comply with interdependent regulatory requirements;

e. Losses arising from the interdependent nature of applicable regulatory regimes, including the inability to obtain or utilize required air quality permitting as a result of Defendants' reliance on the COBC to deny Plaintiffs' solid waste permit; and

Case 3:26-cv-00190-ACP     Document 1     Filed 05/05/26     Page 12 of 14

f. Ongoing and continuing economic losses resulting from Plaintiffs' inability to operate their business.

102. These damages were the direct and foreseeable result of Defendants' conduct.

103. Plaintiffs seek compensatory damages against Defendant Blankenburg in his individual capacity pursuant to 42 U.S.C. § 1983.

104. Plaintiffs do not seek damages against Defendants in their official capacities.

105. Plaintiffs seek damages in an amount to be determined at trial.

106. Plaintiffs are entitled to attorneys' fees under 42 U.S.C. § 1988.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Declare that Defendants' reliance on the COBC without providing a meaningful opportunity to challenge its legality violated Plaintiffs' rights to due process under the United States Constitution and the Alaska Constitution;

B. Declare that reliance on an enforcement instrument without providing a meaningful opportunity to challenge its legality cannot serve as a valid basis for regulatory action;

C. Issue prospective injunctive relief prohibiting Defendants from relying on the COBC to impose obligations, assess compliance, or deny permits unless and until its legality is determined through a process that provides a meaningful opportunity to be heard;

D. Award compensatory damages against Defendant Blankenburg in his individual capacity pursuant to 42 U.S.C. § 1983 for violations of Plaintiffs' constitutional rights;

Case 3:26-cv-00190-ACP Document 1 Filed 05/05/26 Page 13 of 14

E. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law; and

F. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand trial by jury.

DATED this 5th day of May, 2026, at Wasilla, Alaska.

/s/ James Oliver
James Oliver, Plaintiff Pro Se
8050 S. Alix Drive
Wasilla, Alaska 99623
Telephone: 907-277-5767
Email: swi@mtaonline.net

/s/ Nancy Oliver
Nancy Oliver, Plaintiff Pro Se
8050 S. Alix Drive
Wasilla, Alaska 99623
Telephone: 907-277-5767
Email: swi@mtaonline.net

## CERTIFICATE OF SERVICE

Service will be completed in accordance with Fed. R. Civ. P. 4.

/s/ James Oliver

James Oliver, Plaintiff Pro Se